UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IN RE: AMY R. WEISSBROD GURVEY,

                                       1:25-PF-1 (BKS)

                Respondent.
_____

**Hon. Brenda K. Sannes, Chief U.S. District Judge:**

## ORDER TO SHOW CAUSE

**I.    INTRODUCTION**

On May 29, 2025, United States District Judge Anne M. Nardacci issued a Memorandum-Decision and Order in *Weissbrod Gurvey v. Hochul et al.* addressing the New York State Defendants' "motion to enjoin" the plaintiff, Amy R. Weissbrod Gurvey (named here as the "Respondent"), "from filing any civil action in this Court against State Defendants or other parties arising out of the events alleged in this action without prior leave of the Court." *See Weissbrod Gurvey v. Hochul et al. ("Weissbrod XII")*, No. 24-cv-00211-AMN-PJE (N.D.N.Y. May 29, 2025), Dkt. No. 79 at 14 ("Referral Order").[1] Judge Nardacci referred this matter to the undersigned for "the determination of whether to issue a filing injunction" that would prevent Plaintiff from filing further pro se actions in the Northern District of New York without leave of the Chief District Judge. (Referral Order, at 16–17). For the reasons that follow, the Court orders Respondent to show cause why she should not be enjoined from filing any civil action pro se in this District arising out of the events alleged in *Weissbrod XII*, No. 24-cv-00211, without prior leave of the Chief Judge or his or her designee.

---

[1] These defendants also requested that Judge Nardacci enjoin Plaintiff from "filing any further motions" in *Weissbrod XII*. However, this Court defers to Judge Nardacci with respect to whether to impose filing limitations in *Weissbrod XII*.

1

## II.     BACKGROUND

A review of PACER shows that Respondent has filed twelve pro se actions in the Northern District of New York, Southern District of New York, Eastern District of New York, Southern District of Florida, Central District of California, and District of New Jersey since 2002. *Weissbrod v. Housing Part of the Civil Court of the City of N.Y., et al. ("Weissbrod I")*, 293 F. Supp. 2d 349 (S.D.N.Y. 2003) (filed Oct. 29, 2002); *Gurvey v. Cowan, Liebowitz & Latman, PC, et al. ("Weissbrod II")*, No. 06-cv-01202 (S.D.N.Y.) (filed Feb. 15, 2006); *Gurvey et al. v. Fixzit Nat'l Install Servs., Inc. et al. ("Weissbrod III")*, No. 06-cv-01779 (D.N.J.) (filed April 17, 2006); *Weissbrod v. Gonzalez et al. ("Weissbrod IV")*, No. 13-cv-02565 (S.D.N.Y.) (filed Apr. 18, 2013); *Weissbrod Gurvey v. Lippman et al. ("Weissbrod V")*, No. 18-cv-02206 (S.D.N.Y.) (filed Mar. 12, 2018); *Gurvey v. Garry et al. ("Weissbrod VI")*, No. 19-cv-04739 (E.D.N.Y.) (filed Aug. 16, 2019); *Weissbrod v. Broward Cnty. Bd. of Supervisors et al. ("Weissbrod VII")*, No. 21-cv-60170 (S.D. Fla.) (filed Jan. 25, 2021); *Gurvey et al v. M&T Bank, Inc. et al. ("Weissbrod VIII")*, No. 20-cv-07831 (D.N.J.) (filed June 25, 2020); *Gurvey et al v. Grant et al. ("Weissbrod IX")*, No. 21-cv-16397 (D.N.J.) (filed Sept. 1, 2021); *Gurvey et al v. M&T Bank, Inc. et al. ("Weissbrod X")*, No. 23-cv-01007 (D.N.J.) (filed Feb. 21, 2023); *Weissbrod v. Live Nation Entm't et al. ("Weissbrod XI")*, No. 23-cv-04381 (C.D. Cal.) (filed June 3, 2023); *Weissbrod Gurvey v. Hochul et al. ("Weissbrod XII")*, No. 24-cv-00211-AMN-PJE (N.D.N.Y.) (filed Feb. 13, 2024). All cases have been dismissed.

In *Weissbrod I*, filed in the Southern District of New York, Respondent sued members and entities of the New York State judiciary, lawyers, and law firms, seeking monetary damages and equitable relief stemming from a 1997 eviction from her Battery Park apartment. *Weissbrod I*, 293 F. Supp. 2d at 350–51. The court dismissed the action finding it barred by the *Rooker-*

*Feldman* doctrine and subject to dismissal under principles of sovereign and judicial immunity. *Id.* at 353–55.

In *Weissbrod II*, also filed in the Southern District, Respondent sued her former employer and Clear Channel Communications, Inc. (now iHeart Radio, Inc.) and associated entities. *Weissbrod II*, No. 06-cv-01202, *see generally* Dkt. No. 47 (Am. Compl.). There, Respondent alleged, *inter alia*, violations of the Sherman Antitrust and Lanham Acts, attorney malpractice, and breach of fiduciary duties surrounding a venture Respondent was allegedly working on involving "ticketing and e-ticketing" technologies and her pursuit of a patent for "her electronic ticketing venture." *Weissbrod II*, No. 06-cv-01202, 2017 WL 2880554, at *1–2, 2017 U.S. Dist. LEXIS 104816, *3–5 (S.D.N.Y. July 6, 2017), *aff'd*, 757 F. App'x 62 (2d Cir. 2018). Ultimately, after more than ten years of litigation, the court granted summary judgment to the defendants on the grounds that Respondent failed to present evidence from which a reasonable jury could find that defendants disclosed her confidential information to other clients, and that the remainder of Respondent's claims were time-barred. *Weissbrod II*, No. 06-cv-01202, 2017 WL 2880554, at *7–9, 2017 U.S. Dist. LEXIS 104816, at *21–26 (S.D.N.Y. July 6, 2017), *aff'd*, 757 F. App'x 62 (2d Cir. 2018).

In *Weissbrod III*, Respondent and her husband sued an HVAC installer, its system designer, and a contracted inspector seeking specific performance and damages resulting from a faulty air conditioning system. *Weissbrod III*, No. 06-cv-01779, *see generally* Dkt. No. 1 (Compl.). The installer settled and the District of New Jersey granted summary judgment for the inspector defendant noting a common theme of "broad assertions of damaging admissions and controlling authority backed by little or no evidence and inapposite citations to caselaw" in

Respondent's submissions. *Weissbrod III*, No. 06-cv-01779, 2011 WL 550628, at *5, 2011 U.S. Dist. LEXIS 12835, at *13 (D.N.J. Feb. 8, 2011).

In *Weissbrod IV*, Respondent filed an action in the Southern District of New York under 42 U.S.C. § 1983, against New York State officials and judges, as well as members of a state disciplinary committee, seeking to vacate an order suspending her "from the practice of law for six months" and directing her to pay monetary sanctions. *Weissbrod IV*, No. 13-cv-02565, 2013 WL 12084506, at *1, 2013 U.S. Dist. LEXIS 201755, at *2 (S.D.N.Y. May 2, 2013), *aff'd*, 576 F. App'x 18 (2d Cir. 2014); *see In re Gurvey*, 102 A.D.3d 197 (N.Y. App. Div. 2012) (suspending Respondent from the practice of law for six months due to her vexatious behavior in state lawsuits). Noting its authority to "dismiss a frivolous complaint sua sponte, even when the plaintiff has paid the filing fee," the court dismissed the complaint under the *Rooker-Feldman* doctrine and principles of sovereign, judicial, and quasi-judicial immunity. *Weissbrod IV*, 2013 WL 12084506, at 2–3; 2013 U.S. Dist. LEXIS 201755, at *3–7.

Respondent filed *Weissbrod V* in the Southern District "alleging civil rights and patent claims against Defendants pursuant to 42 U.S.C. § 1983." *Weissbrod V*, No. 18-cv-02206, Dkt. No. 29, at 1 (Memorandum-Decision Order dated June 5, 2018, dismissing complaint). The district court observed that Respondent's allegations were "substantially similar" to *Weissbrod IV* to the extent that she named "several of the same Defendants, who are state officials and private parties who were either involved in the disciplinary process against [Respondent] in 2012 or her subsequent lawsuits," and that "over the years, [Respondent] has filed numerous actions" in state and federal court "that assert some of the same claims as the instant action." *Id.* at 1–2 (citing *Weissbrod IV*; *Weissbrod v. State of New York*, Index. No. 100163-15 (N.Y. Sup. Ct.); *Weissbrod v. State of New York*, Index. No. 100163-15 (N.Y. Sup. Ct.)). Finding that

4

"[Respondent]'s allegations and arguments [we]re frivolous," the court exercised its "inherent authority" and dismissed the action. *Weissbrod V*, No. 18-cv-02206, Dkt. No. 29, at 2. The Federal Circuit affirmed dismissal. *Weissbrod V*, No. 18-cv-02206, Dkt. Nos. 43–44 (Summary order and judgment dated February 11, 2019, affirming dismissal).

In *Weissbrod VI*, Respondent filed an action as "a US patentee and entrepreneur" in the Eastern District of New York, naming members of the New York State judiciary and various attorneys as defendants and alleging, *inter alia*, mishandling of her patent files and applications, and constitutional violations and state torts stemming from allegedly wrongful attorney disciplinary proceedings. *Weissbrod VI*, 19-cv-04739, *see generally* Dkt. No. 10 (Am. Compl.). The Eastern District dismissed all claims under the doctrines of *Rooker-Feldman* and *res judicata* and issued a filing injunction prohibiting Plaintiff from filing further actions relating to the events arising out of the events alleged in the amended complaint, labeling Respondent's arguments "utterly meritless." *Id.*, 2021 WL 4480553 at *3–6; 2021 U.S. Dist. LEXIS 188878 at *9–19 (E.D.N.Y. Sept. 30, 2021).

Respondent filed *Weissbrod VII* in the Southern District of Florida, where she sued members of the Florida state judiciary, lawyers, and law firms involved in an adverse guardianship decision regarding her mother, alleging violations of statutory and constitutional rights. *Weissbrod VII*, 21-cv-60170, *see generally* Dkt. No. 1 (Compl.). Just four days after the complaint was filed, the Southern District of Florida dismissed the complaint as frivolous, barred by *Rooker-Feldman* and judicial immunity, and "a scattershot assortment of legal conclusions and allegations that fail to evince any claims for relief that are plausible on their face" *Weissbrod VII*, No. 21-cv-60170, 2021 WL 354199, at *5, 2021 U.S. Dist. LEXIS 18913, at *10–11 (S.D.

5

Fla. Feb. 1, 2021), *aff'd*, 2022 WL 3371642; 2022 U.S. App. LEXIS 22732 (11th Cir. Aug. 16, 2022).

*Weissbrod VIII*, *IX*, and *X* revolve around M&T Bank's foreclosure of Respondent's New Jersey home. *Weissbrod VIII*, No. 20-cv-07831; *Weissbrod IX*, No. 21-cv-16397; *Weissbrod X*, No. 23-cv-01007. In *Weissbrod VIII*, the District of New Jersey found the *Colorado River* doctrine weighed in favor of abstention, explaining that there were two pending cases in New Jersey state courts involving the property subject to foreclosure. *Weissbrod VIII*, No. 20-cv-07831, Dkt. No. 21 (Letter Opinion dated December 17, 2020, dismissing complaint). In a Letter Order issued on November 22, 2022, the court again applied the Colorado River doctrine and stayed the matter pending the outcome of the first of the New Jersey state court actions. *Weissbrod IX*, No. 21-cv-16397, Dkt. No. 39, at 7–8.  (Decision Order and Opinion dated September 8, 2021, dismissing complaint). On February 21, 2023, "on the heels of" the stay entered in *Weissbrod IX*, Respondent filed *Weissbrod X*, alleging "similar claims" to those brought in *Weissbrod VIII* and *IX*, but "with a few additional claims and defendants." *Weissbrod X*, No. 23-cv-1007, Dkt. No. 36, at 2 (describing procedural history). Ultimately, the case was dismissed. *Id.*, Dkt. No. 65, at 3–4 (Memorandum-Decision Order dated July 31, 2024, dismissing case). In the dismissal order, the court observed that Respondent had "ignored" the court's prior warning not to attempt to relitigate this action based on "previously rejected legal theories" by filing, among other things, "six largely duplicative motions . . . on the same issues" and found that this constituted a "clear abuse of the judicial system" that "placed an unnecessary burden on their adversaries and" the court. *Id.*, Dkt. No. 65, at 7. The court therefore barred Respondent from initiating further actions in the District of New Jersey without court permission. *Id.*, Dkt. No. 65, at 7–8.

In *Weissbrod XI*, the Central District of California dismissed Respondent's case against Live Nation, Inc., various entertainment entities, lawyers, and law firms involving a patent dispute regarding ticketing technology. *Weissbrod XI*, No. 23-cv-04381, 2025 WL 947136, 2025 U.S. Dist. LEXIS 59597 (C.D. Cal. Mar. 13, 2025). Respondent has appealed to the Ninth Circuit. *Id.*, Dkt. No. 120.

On February 13, 2024, Respondent filed *Weissbrod XII*, in the Northern District of New York. *Id.*, Dkt. No. 1 (Complaint).[2] In *Weissbrod XII*, Respondent named as defendants: the Governor of New York State, the New York Attorney General, United States District Court Judge Laura Taylor Swain, Southern District of New York, the Chief Counsel of the New York State Office of Court Administration, the Chair of the Port Authority of New York and New Jersey, the Chief Executive Officer of the New York State Gaming Commission, and the Executive Director of the New York State Thruway. *Weissbrod XII*, 1:24-cv-00211, *see generally* Dkt. No. 9. (Am. Compl.). Respondent alleged patent infringement and various constitutional violations, asserting, among other things, that the defendants unlawfully used Respondent's ticketing technology and barred her from enforcing her patent rights. *Weissbrod XII*, 1:24-cv-00211, *see generally* Dkt. No. 9. (Am. Compl.). In a Memorandum-Decision and Order addressing the defendants' motions to dismiss, Judge Nardacci described the lawsuit as "the latest in Plaintiff's decades-long litigation efforts in both state and federal court" in which she alleges that she is the "holder of several 'ticketing and authenticated event content management'" as well as that "various officials and agencies of New York State colluded against her through various actions, including suspending her from the practice of law," and by "denying her access to the state's courts to enforce her patent rights and challenge her disbarment." *See*

---

[2] It is in this case that Judge Nardacci issued the Referral Order at issue here. *Weissbrod XII*, No. 24-cv-00211, Dkt. No. 79.

7

*Weissbrod XII*, 24-cv-00211, Dkt. No. 61 at 3. Judge Nardacci dismissed the case under the *Rooker-Feldman* doctrine, on grounds of sovereign and judicial immunity, and for pleading insufficiencies, and entered judgment dismissing the amended complaint with prejudice. *See Weissbrod XII*, 1:24-cv-00211, Dkt. No. 61 at 6–17 (Memorandum-Decision Order dated January 24, 2025); *see also id.*, Dkt. No. 62 (Judgment).

Following entry of judgment, Respondent filed three additional motions, seeking at least seven forms of relief, *see Weissbrod XII*, 1:24-cv-00211, Dkt. Nos. 64, 65, 72, including injunctive relief, disqualification of the State Attorney General, a mandamus, reconsideration, vacatur, recusal, sanctions, and permission to amend the pleadings, *see id.*, Dkt. No. 79, at 2 (describing Respondent's requests for relief).[3] In a Memorandum-Decision and Order denying the three motions, Judge Nardacci noted that the court had already "explicitly addressed" "[m]any of Plaintiff's requests" in its prior decision dismissing the amended complaint. *Id.*, Dkt. No. 79, at 2–3. In this Order, Judge Nardacci also considered the defendants' request for leave to file a motion to enjoin "Plaintiff . . . filing any civil action in this court . . . arising out of the events alleged in this action without prior leave of the Court" and, citing Respondent's "frivolous and vexatious litigation practices," referred the matter to the undersigned for consideration. *Id.*, Dkt. No. 79, at 14–17.

### III.   DISCUSSION

#### A.   Relevant Law

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be

---

[3] Respondent has since filed two additional motions to vacate judgment. *Weissbrod XII*, No. 24-cv-211, Dkt. Nos. 80, 82, 83.

appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005)); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). The Second Circuit has instructed that courts must consider the following factors in deciding whether to impose a pre-filing injunction:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019) (quoting *Iwachiw*, 396 F.3d at 528).

  **B.**  **Analysis**

  Judge Nardacci carefully considered each of the above factors. *Weissbrod XII*, Dkt. No. 79 at 15–17. The Court adopts and incorporates Judge Nardacci's analysis herein. Respondent's litigation history shows not only the filing of duplicative lawsuits, but vexatious conduct. Respondent has, for example, filed at least five lawsuits regarding her alleged ticketing technology and related patent issues, in the Southern and Eastern Districts of New York, the Central District of California, and in the Northern District of New York—all of which have been dismissed. *See Weissbrod II*, *Weissbrod V*, *Weissbrod VI*, *Weissbrod XI*, and *Weissbrod XII*. Moreover, Respondent's vexatious litigation practices, which principally involve filing numerous, frivolous motions, is well documented. *See*, *e.g.*, *Weissbrod X*, No. 23-cv-1007

(S.D.N.Y.), Dkt. No. 65, at 7 (noting that Respondent had filed "six largely duplicative motions . . . on the same issues"); *Weissbrod XII*, No. 24-cv-0211 (N.D.N.Y.), Dkt. No. 79, at 2 (describing Respondent's requests for relief as "overlapping" and as including "various injunctions," a request for mandamus, and a request for reconsideration and vacatur). In addition, in light of the dismissal of all prior patent and technology-related lawsuits, Respondent could have no good-faith basis for bringing this action. And although Respondent is proceeding pro se, she is a former attorney, and thus as a former officer of the court, is well aware of the rules and requirements governing civil litigation. Further, Respondent has undoubtedly caused needless expense to other parties and to the court in bringing an action that she unsuccessfully litigated at least four times and in three different venues. Finally, as monetary sanctions have been ineffective, *Weissbrod VI*, 2021 WL 4480553, at *6, 2021 U.S. Dist. LEXIS 188878, at *18, as have strongly worded court warnings, *Weissbrod X*, No. 23-cv-1007 (D.N.J.), Dkt. No. 65, at 7, the Court finds that no sanction other than requiring Respondent to obtain permission from the Chief Judge prior to from filing any civil action pro se in this District arising out of the events alleged in *Weissbrod XII*, No. 24-cv-00211, without prior leave will be sufficient to protect the Court and other parties.

Therefore, after carefully reviewing the record, the Court concludes that, unless Respondent shows cause otherwise, Respondent shall be enjoined from filing any civil action pro se in this District arising out of the events alleged in *Weissbrod XII*, No. 24-cv-00211, without prior leave of the Chief Judge or his or her designee. (This would not preclude Respondent from filing pleadings or documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed). Notwithstanding the overwhelming support for a pre-filing injunction of this kind, fairness dictates that Respondent be given notice and an

opportunity to be heard. *See Iwachiw*, 396 F.3d at 529. As a result, Respondent shall have fourteen (14) days from the date of this Order to show cause, in writing, why she should not be from filing any civil action pro se in this District arising out of the events alleged in *Weissbrod XII*, No. 24-cv-00211, without prior leave of the Chief Judge or his or her designee.

**ACCORDINGLY**, it is

**ORDERED** that Respondent Amy R. Weissbrod Gurvey shall, within FOURTEEN (14) DAYS of the date of this Order, show cause, in writing, why she should not be barred from filing any civil action pro se arising out of the events alleged in *Weissbrod XII*, No. 24-cv-00211, without prior leave of the Chief Judge or his or her designee;[4] and it is further

**ORDERED** that, if Respondent does not fully comply with this Order, the Court will issue a subsequent order, without further explanation, permanently so enjoining Respondent; and it is further

**ORDERED** that the Clerk shall mail a copy of this Order to Show Cause to Respondent by regular and certified mail.

**IT IS SO ORDERED.**

Dated: June 27, 2025

Brenda K. Sannes
Chief U.S. District Judge

---

[4] This injunction would apply to, among other things, continued filings by Respondent as a pro se plaintiff in any action filed by her in state court removed to this Court or filed by her in another U.S. District Court and transferred to this Court. *See Sassower v. Starr*, 338 B.R. 212, 218-19 & n.1 (S.D.N.Y. Bankr. 2006) (recognizing validity of pre-filing injunction expressly applying to actions removed from state courts to the Southern District of New York); *Jenkins v. Kerry*, 928 F. Supp. 2d 122, 126 (D. D.C. 2013) (noting that Southern District of Florida would apply its pre-filing injunction to case that was transferred there from the District for the District of Columbia); *Petrols v. Boos*, No. 10-cv-0777, 2012 WL 1193982, at *1, n.3, 2012 U.S. Dist. LEXIS 49785, at *2, n.3 (N.D. W. Va. Apr. 10, 2012) ("This pre-filing injunction does not preclude the plaintiff from filing an action in state court, but it does apply to cases filed in state court that are removed to this Court."); *Kissi v. Pramco, II, LLC*, No. 09-cv-0267, 2009 WL 8636986, at *1, 2009 U.S. Dist. LEXIS 61425, at *2 (D. Md. Feb. 12, 2009) (applying District of Maryland's pre-filing injunction to case that had been transferred from the District of Delaware).